**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VIOLET FOSTER, as the Administratix of the Estate of ALLEN B. WIMBERLY, JR., and in her own right, Plaintiff | : : : : : : : : | CIVIL ACTION<br><br>NO. 11-04817 |
| v. | | |
| CITY OF PHILADELPHIA, et al., Defendants | | |

October _25, 2011                                                                                  Anita B. Brody, J.

<u>**MEMORANDUM**</u>

**I. INTRODUCTION**

   On June 14, 2011, Plaintiff Violet Foster, as the administratix of the estate of Allen Wimberly, Jr., filed this action in the Philadelphia County Court of Common Pleas on behalf of Wimberly's beneficiaries against Dr. Joseph Scogna, the Frankford Hospital of the City of Philadelphia, and the Frankford Hospital Torresdale Campus (collectively, "Medical Defendants"). All parties are residents of Pennsylvania, and the medical malpractice complaint only asserts state law claims. On June 22, 2011, Scogna became a third-party plaintiff when he filed a joinder complaint against the City of Philadelphia and a large group of employees, medical workers, and affiliates of the Philadelphia Industrial Correctional Center ("PICC") and the Philadelphia Prison System ("PPS") (collectively, "Third-Party Defendants").[1] Scogna

---

[1] Prison Health Services; MHM Services, Inc. (t/a Mental Health Management, Inc.); Bruce Herder (PPS Chief of Medical Operations); William Lawton (PICC Warden); Terrence Clark (PICC Deputy Warden); Karen Bryant (PICC Deputy Warden); Robert Weiss (PICC Social Work Supervisor); Chuck Daniels (PICC Social Work

1

claims that Third-Party Defendants violated Wimberly's rights under the Eighth and Fourteenth Amendments to the United States Constitution and the decedent Wimberly's general civil rights under 42 U.S.C. § 1983.[2] On the basis of Scogna's federal claims, Third-Party Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441.  In response, Foster filed a Motion to Remand to the Philadelphia County Court of Common Pleas pursuant to 28 U.S.C. § 1447.

**II. BACKGROUND**

Allen Wimberly, Jr. was an adult prisoner incarcerated at PICC, and Jonathan Jenkins was his cellmate.  On March 16, 2009, Jenkins physically attacked Wimberly in their cell.  Both men were known to suffer from mental illness and Jenkins had a record of violence against other prisoners.  Joinder Compl. ¶¶ 51-52.  Although Foster's complaint does not indicate what happened immediately following the attack, Scogna alleges that prison personnel took Wimberly to the prison infirmary to stitch up his wounds but did not bring him to Frankford Hospital's Emergency Department for sixteen hours.  Def. Resp. ¶ 4.

Parties dispute what took place upon Wimberly's arrival at the hospital.  According to Scogna, he performed emergency surgery (a right frontal parietal craniectomy) "[s]oon after the decedent presented to Frankford Hospital."  Id.  According to Foster, however, Wimberly did not receive the emergency surgery until four hours after his arrival.  Foster claims Wimberly received a CT scan of his brain around 2:00 AM that revealed a large subdural hematoma.  Pl.'s Compl. 5.  Yet instead of performing surgery, Scogna and the rest of the medical personnel waited

---

Supervisor); Arthur J. Blackman (PPS Alternative and Special Detention Warden); Terrance Worsely (PPS Correction Officer); Louis Giorla (PPS Commissioner); Clyde Gainey (PPS Deputy Commissioner); Reginald Hammond (PPS Deputy Commissioner); John Doe 1 – 14 (employees); Jane Doe 1 – 14 (employees).

[2] Scogna's complaint also accuses Jenkins of assault and alleges that the "additional defendants are liable for contribution and indemnity for any judicially determined damage(s)."  Joinder Compl. ¶¶ 64, 57.

approximately two and a half hours until Wimberly became unresponsive and then performed a follow-up CT scan. Id. The scan indicated that the subdural hematoma had grown significantly, and at 6:00 AM, they performed emergency surgery. On March 22, 2009, Wimberly passed away due to his brain injury. Id. at 6.

## II. DISCUSSION[3]

Third-Party Defendants removed Foster's state court complaint to federal court under federal question jurisdiction. Foster seeks to remand to state court because she argues that Third-Party Defendants are not permitted to remove a case under 28 U.S.C. § 1441.

A defendant may remove a civil action from state court to federal court if the latter has original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction can be achieved under 1) Federal Question Jurisdiction (28 U.S.C. § 1331) or (2) Diversity Jurisdiction (28 U.S.C. § 1332). Here, all parties are citizens of Pennsylvania and therefore diversity jurisdiction is not an issue. The Third-Party Defendants, therefore, used Scogna's § 1983 allegation in his joinder complaint as their basis for federal question jurisdiction. Yet Foster points out that her initial state court complaint did not provide any basis for federal question jurisdiction and thus the three originally named Medical Defendants could not – and did not – file the notice of removal. Motion to Remand ¶ 4.

Under 28 U.S.C. § 1441, the two relevant subsections state:

---

[3] Scogna takes issue with the fact that prior to filing a civil action in state court, Foster filed a federal court civil action in the Eastern District of Pennsylvania on behalf of Wimberly's estate and his beneficiaries. Plaintiff explains in her Motion to Remand that her "federal court complaint articulated a claim under 42 U.S.C. § 1983, as well as state claims, for injuries Mr. Wimberly suffered . . . . It should be noted that the federal court and state court actions are being handled by separate counsel, and that the pendency of the federal action has no bearing on the validity or propriety of the Third-Party/Additional Defendants' removal of Plaintiff's state court action." Motion to Remand ¶3 n.1. Foster's federal suit is not before me. I am strictly addressing Foster's state-law complaint; Scogna's joinder complaint; and Third-Party Defendants' notice of removal.

>   (a)   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
>   . . .
>
>   (c)   Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The Third Circuit Court of Appeals has not directly ruled on third-party defendant removal under 28 U.S.C. § 1441.  Reviewing the District of New Jersey's award of attorney fees stemming from a dispute over remand, the Third Circuit noted that it "ha[d] not yet decided . . . whether a third-party defendant may properly remove under § 1441(c)."  Roxbury Condo. Ass'n, Inc. v. Anthony S. Cupo Agency, 316 F.2d 224, 228 (3d Cir. 2003).  In Cook v. Wikler, the Third Circuit held that it did not have jurisdiction to review a district court's timely order remanding a case for improper third-party removal, but it added in a footnote that the Circuit has never directly addressed the question.  320 F.3d 431, 437 n.6 (3d Cir. 2003).

The Sixth Circuit Court of Appeals has ruled that "[t]he majority view is that third-party defendants are not 'defendants' for purposes of § 1441(a)."[4]  First Nat'l Bank of Pulaski v.

---

[4] The Sixth Circuit adds: This is "the position taken by two of the leading treatises on civil procedure" and "is bolstered by the use of more expansive terms in other removal statutes."  First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 462-63 (6th Cir. 2002) (citing 16 Moore's Federal Practice § 107.11[1][b][iv], at 107-31 (Matthew Bender 3d ed. 2000) ("Third-party defendants are not defendants within the meaning of the removal statute . . . ."); 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3731 (3d ed. 1998) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right of removal to the federal court . . . .")); see, e.g., 28 U.S.C. § 1452(a) (granting removal power to any "party" in a bankruptcy case).  The court also cites an earlier opinion in the Southern District of New York in which the district court succinctly stated: "Allowing removal by a third-party defendant brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction.  This is an unwarranted extension of the federal judicial power."  First Nat'l Bank of Pulaski, 301 F.3d at 464 (citing Burlingham, Underwood, Barron, Wright & White v. Luckenbach S.S. Co., 208 F. Supp. 544, 547 (S.D.N.Y. 1962)).

Curry, 301 F.3d 456, 461 (6th Cir. 2002) (citations omitted).  See also, Spectator Mgmt. Group v. Brown, 131 F.3d 120, 125-26 (3d Cir. 1997) ("In Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941), the Supreme Court noted that the legislative history and language of the removal statute shows that Congress intended to limit removal."); Lewis v. Windsor Door Co., 926 F.2d 729, 733 (8th Cir. 1991) (holding that third-party defendants were not permitted to remove a case from state to federal court); Thomas v. Shelton, 740 F.2d 478, 488 (7th Cir. 1984) ("[I]n the broad run of third-party cases . . . the third-party defendant cannot remove the case under section 1441(c) . . . .");

Addressing subsection (a), Judge Thomas O'Neill of this court recently ruled: "'An overwhelming majority of federal courts . . . have held that third party defendants may not remove state actions to federal court pursuant to 28 U.S.C. § 1441(a) because third party defendants are not 'defendants' within the meaning of the statute.'"  Gola v. City of Philadelphia, 2011 U.S. Dist. LEXIS 63279, at *9-10 (E.D. Pa. June 13, 2011) (citing Milton S. Hershey Med. Ctr. v. Grinnage, 2007 U.S. Dist. LEXIS 85635, at *2 (M.D. Pa. Nov. 20, 2007)).

Addressing subsection (c), Judge O'Neill ruled that it "does not authorize removal of a case by a third party defendant because a third party claim is not 'joined with' a non-removable claim as the statute requires but instead is typically 'antagonistic to' the plaintiff's claims."  Gola, 2011 U.S. Dist. LEXIS 63279, at *11.  The Sixth Circuit explains that "the Federal Rules of Civil Procedure consistently use the term ["joined"] to refer to claims or pleadings that *one party* adds to claims or pleadings that *the party has already made*."  First Nat'l Bank of Pulaski, 301 F.3d at 465 (emphasis added) (citations omitted).  Foster did not join the federal statutory claim (section

1983) to the state law claims she had already filed.  Rather, Scogna inserted the federal civil rights claim in the joinder complaint.

Although the Third Circuit has not definitively decided the issue, I am persuaded by the rulings of its sister circuits and the long-accepted practice of deferring to the Plaintiff's choice of forum by treating the Plaintiff as the master of his own complaint.  See, e.g., Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 678 (3d Cir. 2000) ("Under the well-pleaded complaint rule, a court determines whether a claim 'arises under' federal law from a plaintiff's complaint.  A plaintiff is, thus, considered the 'master of the complaint.'") (citations omitted).

In 1990, Congress explicitly amended 28 U.S.C. § 1441(c) to include "within the jurisdiction conferred by section 1331 of this title," and the Supreme Court has applied the "well-pleaded complaint rule" to § 1331.  "Therefore, Congress' explicit incorporation of § 1331 into § 1441(c) is also an implicit incorporation of the well-pleaded complaint rule; accordingly § 1441(c) cannot be read as supplanting the well-pleaded complaint requirement of removal jurisdiction."  Cross Country Bank v. McGraw, 321 F. Supp. 2d 816, 823 (S.D. W. Va. 2004).  As Judge O'Neill noted: "It seems rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed."  Gola, 2011 U.S. Dist. LEXIS 63279, at *13 (citing Lowe's of Montgomery, Inc. v. Smith, 432 F. Supp. 1008, 1010 (D. Al. 1977)).

**IV. CONCLUSION**

Ultimately, "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'"  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111(3d Cir. 1990) (citations omitted).  Therefore, I will grant Plaintiff's Motion, and this matter is now Remanded to the Philadelphia

County Court of Common Pleas.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

**Copies VIA ECF** on _____ to:          **Copies MAILED** on _____ to: